### UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA

Aaron Norgren,

          Plaintiff,

    vs.

Minnesota Department of Human
Services,

          Defendant.

Court File No.  0:22-cv-02009 (PJS/JFD)


**DEFENDANT'S ANSWER TO
PLAINTIFF'S COMPLAINT**


Defendant Minnesota Department of Human Services ("Defendant") as and for their

Answer to Plaintiff's Complaint, admit, deny, and allege as follows:[1]

### ANSWER

Except as hereinafter expressly admitted, qualified, denied, or otherwise answered,

Defendant denies each and every allegation in the Complaint.

### PARTIES

1.    Plaintiff Aaron Norgren ("Norgren") is a natural person who resides at 615
Bluff Heights Drive SE, Lonsdale, MN 55046.

**ANSWER:**  Admit.

2.    Defendant Minnesota Department of Human Services is a governmental
entity with a principal place of business at 444 Lafayette Road, Saint Paul, Minnesota
55155.

**ANSWER:**  Admit.

---

[1] Commissioner Jodi Harpstead was dismissed as a defendant in this action. *See Norgren v. Minnesota Dep't of Hum. Servs.*, No. CV 22-2009 ADM/JFD, 2023 WL 35904, at *1 (D. Minn. Jan. 4, 2023), *aff'd in part, rev'd in part*, 96 F.4th 1048 (8th Cir. 2024).

3.    Defendant Jodi Harpstead is and was the Commissioner of the Minnesota Department of Human Services at all relevant times.

**ANSWER:**    Admit in part and deny in part. Commissioner Harpstead was first appointed Commissioner of the Minnesota Department of Human Services in August 2019, after several allegations in this complaint are alleged to have occurred. Commissioner Harpstead was dismissed from this action and is no longer a defendant in this matter. *Norgren v. Minnesota Dep't of Hum. Servs.*, No. CV 22-2009 ADM/JFD, 2023 WL 35904, at *1 (D. Minn. Jan. 4, 2023), aff'd in part, rev'd in part, 96 F.4th 1048 (8th Cir. 2024).

## JURISDICTION AND VENUE

4.    This Court has jurisdiction over Plaintiff's 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964 claims pursuant to 28 U.S.C. §§ 1331 and 1343 because they arise under the Constitution and laws of the United States.

**ANSWER:**    Admit.

5.    This Court has supplemental jurisdiction over Plaintiff's Minnesota Human Rights Act claims pursuant to 28 U.S.C. § 1367.

**ANSWER:**    Denied. Plaintiff's Minnesota Human Rights Act claims were dismissed from this action on January 4, 2023. *Norgren v. Minnesota Dep't of Hum. Servs.*, No. CV 22-2009 ADM/JFD, 2023 WL 35904, at *1 (D. Minn. Jan. 4, 2023), *aff'd in part, rev'd in part*, 96 F.4th 1048 (8th Cir. 2024). Plaintiff did not appeal the dismissal of these claims.

6.    Venue is proper in this District under 28 U.S.C. § 1391 because Defendants reside in this District and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

**ANSWER:**    Admit.

## FACTUAL ALLEGATIONS

7.     Aaron Norgren is a Christian and is twenty-five percent (25%) Native American, specifically Ojibwe of the Red Lake Nation. Norgren's great grandparents and grandmother grew up on the Red Lake Reservation in Minnesota.

**ANSWER:**   Defendant admits that Plaintiff identifies as Christian and Native American. Defendant is without sufficient knowledge or information to form a belief about the truth of the remaining allegations and therefore denies.

8.     Norgren's father, Joseph, recalls being subjected to racial slurs and other discriminatory behavior as a result of his Native American heritage. Norgren's father's experience informed and impacted many of Norgren's own beliefs regarding how race does not define failure or success.

**ANSWER:**   Defendant is without sufficient knowledge or information regarding the allegations, therefore denies the allegations.

9.     Norgren is employed as a Forensic Support Specialist with the Forensic Mental Health Program (formerly known as the Security Hospital, herein referred to as "FMHP"), which is part of the Minnesota Department of Human Services ("DHS"). FMHP is located at 100 Freeman Drive, St. Peter, Minnesota 56082.

**ANSWER:**   Admit in part and deny in part. Plaintiff resigned his employment at Defendant effective December 13, 2023, and therefore is no longer employed by Defendant.

10.     Norgren has been employed by FMHP for an approximate total of nine years.

**ANSWER:**   Admit, subject to the clarification that Plaintiff was employed by Defendant from July 31, 2013 until the time of his voluntary resignation on December 13, 2023.

11.     Norgren took a short break from FMHP to serve in the U.S. Army Special Operations for four years, but then returned to work at FMHP after his service.

**ANSWER:**   Admit.

12.    Joseph Norgren also worked at FMHP for twenty-seven (27) years until he was constructively discharged on January 6, 2021, due to the hostile and demeaning workplace conditions.

**ANSWER:**   Admit in part and deny in part. Admit that Joseph Norgren was employed by Defendant for approximately 27 years. Deny that Joseph Norgren was constructively discharged due to any alleged hostile and demeaning workplace conditions. The district court dismissed and United States Court of Appeals for the Eighth Circuit affirmed the dismissal of all Joseph Norgren's claims related to his employment with Defendant. *See Joseph Norgren v. Minnesota Dep't of Hum. Servs.*, No. CV 22-489 ADM/TNL, 2023 WL 35903, at *1 (D. Minn. Jan. 4, 2023), aff'd, 96 F.4th 1048 (8th Cir. 2024).

13.    In August of 2020, while working his shift, Luke Pherson ("Supervisor Pherson"), who was not even Norgren's own supervisor at the time, informed Norgren via email that he was required to complete four additional trainings that surpassed the basic workplace harassment training already administered to all employees, that Norgren had already completed.

**ANSWER:**   Admit that Plaintiff and all of his coworkers were told to complete four training modules. Deny in all other respects.

14.    One of the four trainings was labeled as HR 670.1 and titled "How to be Anti- Racist" ("CRT Training"). This training focused on "cultural competence" and how to be "antiracist," specifically centering on the teachings of Ibram X. Kendi and including a mandatory full minute of silence for the murder of George Floyd.

**ANSWER:**   Admit that module HR 670.1 was a video titled "How to be Anti-Racist" and states that the training video speaks for itself, and Defendant denies any allegations to the extent they are inconsistent therewith. Denied that module HR 670.1 included a mandatory full minute of silence. Denied in all other respects.

15.    The training included the instruction that Norgren was to stop using the phrase "I am not a racist" or "I can't be a racist" as a defense or denial.  Norgren was

4

instructed that to remain silent or be indifferent is racist. Norgren was also told to admit the definition of racist as someone who supports racist policies or expresses racist ideas, confess to the racist policies and ideas we support, and accept that the United States of America is the root of such racist ideas.

**ANSWER:**   Denied. Defendant did not instruct Plaintiff to do anything other than watch HR 670.1 to completion. The training video speaks for itself, and Defendant denies any allegations to the extent they are inconsistent therewith.

16.    In addition, as part of the training, DHS Assistant Commissioner Karen McKinney told employees that their application of these principles was mandatory by stating, "we need all of you to do this." Norgren understood this to mean that he was required by DHS policy to admit the truth of the training's definition of racism, confess to racist policies and ideas he supports, and accept that the United States of America is the root of such racist ideas.

**ANSWER**: Defendant denies that DHS policy required Plaintiff "to admit the truth of the training's definition of racism, confess to racist policies and ideas he supports, and accept that the United States of America is the root of such racist ideas." Defendant is without sufficient knowledge or information regarding Plaintiff's understanding of the concepts contained in the video or whether it was correct. Defendant further states that the video of the training speaks for itself and therefore denies the allegations to the extent they are inconsistent therewith.

17.    Another of the four trainings, labeled as HR 670.2 and titled "Understanding Gender Identity and Expression: Moving Beyond the Binary," (hereinafter referred to as "Gender Identity Training") sought to "educate" employees on gender identity and expression and the experiences of transgender and non-binary employees. The training also instructed employees to refrain from telling others that their gender identity is wrong.

**ANSWER:**   Defendant admits that training module HR 670.2 is titled "Understanding Gender Identity and Expression: Moving Beyond the Binary," and sought to "educate" employees on gender identity and expression and the experiences of transgender and non-

binary employees and residents of the FMHP.  Defendant further states that the training video speaks for itself, and therefore denies the allegations to the extent they are inconsistent therewith.

18.    Although it was clarified later to other employees that they were only required to take two of the four trainings, Norgren's supervisor made all four trainings mandatory for him.

**ANSWER:**  Admit in part and deny in part. Defendant admits that Plaintiff's supervisor required all four training modules to be completed by every person that he supervised. Defendant denies that Plaintiff was the only person his supervisor required to take all four training modules.

19.    Norgren generally opposed both HR 670.1 and 670.2 trainings.

**ANSWER:**  Defendant is without sufficient information to admit or deny how Plaintiff "generally opposed," the identified training videos, and therefore denies the same.

20.    Norgren opposed the CRT Training for several reasons:

a.    CRT rejects core concepts of Western Liberalism, including meritocracy and colorblindness and instead proposes that invisible systems of power – "systemic racism" – bear the primary responsibility for racial inequality. Peggy McIntosh, *White People Facing Race: Uncovering Myths that Keep Racism in Place* (2009).

b.    CRT deems any person in a minoritized racial group as a victim of a rigged system and that those born into "privileged races" are automatically and inherently exploiters of minorities. Robin DiAngelo, *White Fragility* (2018).

c.    Critical Race theorists explicitly reject the principle of equality under the law, arguing that legal equality, nondiscrimination, and "colorblindness" are mere camouflages used to uphold white supremacist structures. Delgado & Stefanic, *Critical Race Theory: An Introduction* (1995).

d.    Importantly, encompassed in this notion is the idea that the First Amendment serves to advance the interests of white supremacy, thus the government should restrict freedom of speech that is deemed "racist" or "hateful." Ibram X. Kendi, *Inequality: Pass an Anti-Racist*

*Constitutional Amendment*, Politico      (accessed  January  6,  2022)
https://www.politico.com/interactives/2019/how-to-fix-politics-in-
america/inequality/pass-an-anti-racist-constitutional-amendment/.
e.      Finally, CRT also warns people of color against "internalized
whiteness," the theory that people of a nondominant group believe the
"myths" and "misinformation" about people of color because "whiteness"
is deemed superior. National Museum of African American History &
Culture, *Talking about Race: Whiteness* (accessed June 18, 2021)
https://nmaahc.si.edu/learn/talking-about-race/topics/whiteness.

**ANSWER:**   Defendant is without sufficient knowledge or information about Plaintiff's

definition of "Critical Race Theory" and his opposition to it, and therefore denies the

allegations regarding Plaintiff's beliefs. Defendant further states that the documents cited

in this paragraph speak for themselves, and denies the allegations to the extent they are

inconsistent therewith.

21.     CRT rejects the traditional view of equality under Title VII and imparts that
Norgren's refusal to subscribe to CRT as a person of color is merely "internalized
whiteness."

**ANSWER:**   Deny.

22.     Norgren opposed both the CRT training and the Gender Identity Training
to his direct supervisor, Robert Schweisthal ("Supervisor Schweisthal"), as well as
Supervisor Pherson, through both verbal and written communications.

**ANSWER:**   Admit in part and denied in part. Defendant denies that Plaintiff opposed

the so-called "CRT training," training module 670.1, through written or verbal

communication prior to completing the training in 2020. Defendant admits that Plaintiff

objected to completing training module 670.1 in 2021.

23.     Norgren believes that God created only two sexes and two genders, male
and female. Thus, the concepts of nonbinary gender and the belief that one can choose
their gender or sex is contrary to his sincerely held religious belief.

**ANSWER:**   Defendant is without sufficient knowledge or information to form a belief

about the truth of the allegations and therefore denies the allegations.

24.     Norgren never treated any DHS employee or patient differently at FMHP because of his personal, sincerely held religious beliefs.

**ANSWER:**  Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations and therefore denies the allegations.

25.     Norgren additionally sought an exemption for both trainings from Zecharias Hailu ("Hailu"), Director of Equal Opportunity and Access Division.

**ANSWER:**  Admit in part and deny in part. Plaintiff requested an exemption from watching 670.2, the training video on gender identity. Plaintiff did not request an exemption from Zecharias Hailu for training video 670.1.

26.     Hailu informed Norgren that his request for a religious exemption was denied.

**ANSWER:**  Admit.

27.     Thus, despite seeking relief from multiple levels of DHS personnel, Norgren was still required to complete the training.

**ANSWER:**  Admit.

28.     Norgren was additionally told there was no appeal process for the denial of his exemption.

**ANSWER:**  Admit.

29.     This was not the first time Norgren had been discriminated and retaliated against for his religious beliefs, nor would it be the last.

**ANSWER:**  Deny. Specifically, DHS denies that Norgren was discriminated or retaliated against by DHS whatsoever for his religious beliefs, for filing an EEOC charge of discrimination, or any other basis.

30.     On October 12, 2018, Joseph Norgren was working an overtime night shift at the Security Hospital and saw the night-shift supervisor, who was Norgren's direct supervisor, Supervisor Pherson, while doing his rounds. Supervisor Pherson had been talking with another employee about politics, specifically, on the topics of *Roe v. Wade*, the U.S. Constitution, and gender identity.

**ANSWER:**   Deny.

31.     On the topic of gender identity, Supervisor Pherson asked Joseph Norgren how many genders existed. Joseph Norgren felt he had to respond as Supervisor Pherson was his supervisor and Joseph Norgren was on shift. Joseph Norgren responded that he believed only two genders and two sexes existed, based on everything he read and researched on DNA and biology. However, Supervisor Pherson grew angry and told Joseph Norgren that "his God" made them that way, despite Joseph Norgren not mentioning his religious beliefs at that point in the conversation. As the two continued to discuss and disagree on this topic, Supervisor Pherson told Joseph Norgren he could be fired for the way he thought and spoke.

**ANSWER:**   Deny.

32.     From there on, Norgren noticed a difference in how both he and his father were treated as employees at the FMHP. After this exchange, Norgren also avoided his supervisors for fear of termination for his beliefs and advocacy of equality and Title VII compliance. This, of course, only grew worse when Norgren was mandated to take trainings contrary to his beliefs, as directed by multiple DHS supervisors.

**ANSWER:**   Deny.

33.     This was also aggravated by Jodi Harpstead's direction and communication that included the urging of a "focus on training" to change "minds for life."

**ANSWER:**   Deny.

34.     Norgren endured months of reviewing weekly communications and videos sent by DHS that contradicted the principles of equality under the Constitution and Title VII. Despite this threatened fear of termination, Norgren voiced his dissent against such indoctrination of contradictory views and theories to DHS supervisors.

**ANSWER:**   Deny.

35.     After Norgren vocalized his disagreement with the trainings, and voiced his opposition to CRT and the Gender Ideology Training, he was denied the day off when attempting to call in for bad weather, a practice not normally questioned and frequently afforded to other employees.

**ANSWER:**  Deny.

36.     It was only *after* Norgren voiced his dissent that he was allotted the day off, which did not occur for a month and had been addressed to multiple levels of supervisors at DHS, including, Supervisor Pherson, Supervisor Schweisthal, as well as Patrick Patterson from the Human Resources office. In fact, Patterson maintained his position of the denial.

**ANSWER:**  Admit that the decision to deny Plaintiff paid time off was reversed. Deny

the allegations in all other respects.

37.     On June 25, 2021, Norgren brought a charge of discrimination to the Equal Employment Opportunity Commission ("EEOC Charge").

**ANSWER:**  Admit.

38.     After submitting his initial charge, Norgren applied for the temporary position of Group Supervisor Assistant, Administrative On Duty Supervisor, (ADOS) office, (hereinafter referred to as "Assistant Group Supervisor"), and was accepted for an interview because he met the minimum qualifications required of the position.

**ANSWER:**  Deny. Plaintiff applied for the Temporary Group Supervisor position in

February 2021, several months prior to filing his EEOC charge on June 25, 2021.

39.      However, due to scheduling conflicts and a short interview timeline, Norgren was unable to interview for the position.

**ANSWER:**  Admit.

40.     Administrative Operations Director for DHS, Ted Wondra ("Wondra"), told Norgren that he would be unable to interview due to the short timeline, but encouraged him to apply again for the permanent position once it was posted. Attached hereto as **Exhibit A** is a true and correct copy of Wondra's email correspondence.

**ANSWER:**  Admit.

41.     When the permanent position for Group Supervisor Assistant was posted in June of 2021, Norgren once again applied submitting his resume with the same qualifications he used in February.

**ANSWER:**   Admit.

42.     On July 16, 2021, after his EEOC Charge had been filed with DHS, Norgren was told by Patrick Patterson from the Human Services Department that he did not meet the minimum qualifications of the job posting and was thus ineligible for the position or even an interview.

**ANSWER:**   Admit.

43.     The position's minimum requirements listed a series of requirements but also contained a discretional component calling for an equivalent combination of the required supervisory experience or leadwork.

**ANSWER:**   Admit that the position had minimum requirements. The job description speaks for itself, and Defendant denies any allegations to the extent they are inconsistent therewith. Denied in all other respects.

44.     Additionally, the requirements allowed for a bachelor's degree in criminal justice to be substituted for six months of experience.

**ANSWER:**   Deny.

45.     Norgren's bachelor's degree in criminal justice, as well as his supervisory experience in the military, fell within the qualifications at least afforded in the "equivalent combination" discretionary component of the position's requirements.

**ANSWER:**   Deny. Plaintiff lacked the minimum experience required for the position.

46.     This is not only demonstrated through Wondra's encouragement for Norgren to apply for the permanent position, but the fact that Norgren had been considered previously for other positions throughout DHS with the same minimum mandatory, not preferred, qualifications.

**ANSWER:**   Deny.

47.     Yet, after Norgren brought his EEOC Charge, he was told he failed to meet the minimum mandatory qualifications he had met in the past.

**ANSWER:**   Admit.

48.     Norgren has served as an exemplary employee and has never been disciplined or received any formal complaints in his nine years of employment with DHS.

**ANSWER:**   Deny.

49.     Norgren brought an Amended EEOC Charge on November 8, 2021.

**ANSWER:**   Admit.

50.     On May 20, 2022, Norgren was given Notice of Right to Sue by the EEOC. Attached hereto as **Exhibit B** is a true and correct copy of the EEOC's Notice.

**ANSWER:**   Admit.

<u>CAUSES OF ACTION</u>

**COUNT I – RACIAL DISCRIMINATION UNDER TITLE VII (AGAINST DEFENDANT DHS)**

51.     Plaintiff restates and realleges the foregoing as if fully stated herein.

**ANSWER:**   Count I, Plaintiff's race discrimination claim, was dismissed by the district court and he did not appeal the decision, therefore no answer is required. *Norgren v. Minnesota Dep't of Hum. Servs.*, No. CV 22-2009 ADM/JFD, 2023 WL 35904, at *1 (D. Minn. Jan. 4, 2023), aff'd in part, rev'd in part, 96 F.4th 1048 (8th Cir. 2024). To the extent a response is still required, Defendant restates and realleges its answers to the foregoing paragraphs as if fully stated herein.

52.     As an employee of Native American descent, Plaintiff is a member of a protected class.

**ANSWER:**   Count I, Plaintiff's race discrimination claim, was dismissed by the district

court and he did not appeal the decision, therefore no answer is required. *Norgren v. Minnesota Dep't of Hum. Servs.*, No. CV 22-2009 ADM/JFD, 2023 WL 35904, at *1 (D. Minn. Jan. 4, 2023), aff'd in part, rev'd in part, 96 F.4th 1048 (8th Cir. 2024). To the extent a response is still required, Defendant admits the allegation.

53.    Plaintiff was qualified for his role with FMHP as he has worked there for over nine years without any issue.

**ANSWER:**    Count I, Plaintiff's race discrimination claim, was dismissed by the district court and he did not appeal the decision, therefore no answer is required. *Norgren v. Minnesota Dep't of Hum. Servs.*, No. CV 22-2009 ADM/JFD, 2023 WL 35904, at *1 (D. Minn. Jan. 4, 2023), aff'd in part, rev'd in part, 96 F.4th 1048 (8th Cir. 2024). To the extent a response is still required, Defendant denies the allegation.

54.    Plaintiff was also qualified for the Group Supervisor Assistant position.

**ANSWER:**    Count I, Plaintiff's race discrimination claim, was dismissed by the district court and he did not appeal the decision, therefore no answer is required. *Norgren v. Minnesota Dep't of Hum. Servs.*, No. CV 22-2009 ADM/JFD, 2023 WL 35904, at *1 (D. Minn. Jan. 4, 2023), aff'd in part, rev'd in part, 96 F.4th 1048 (8th Cir. 2024). To the extent a response is still required, Defendant denies the allegation.

55.    Plaintiff suffered an adverse employment action by DHS when he was denied the opportunity for a promotion to the Group Supervisor Assistant position due to his opposition to the CRT Training.

**ANSWER:**    Count I, Plaintiff's race discrimination claim, was dismissed by the district court and he did not appeal the decision, therefore no answer is required. *Norgren v. Minnesota Dep't of Hum. Servs.*, No. CV 22-2009 ADM/JFD, 2023 WL 35904, at *1 (D.

Minn. Jan. 4, 2023), aff'd in part, rev'd in part, 96 F.4th 1048 (8th Cir. 2024). To the extent a response is still required, Defendant denies the allegation.

56.     Defendant engaged in promotion discrimination against Plaintiff when he refused to subscribe to the ideology expected of him as a person of color and was instead discriminated against due to his "internalized whiteness."

**ANSWER:**     Count I, Plaintiff's race discrimination claim, was dismissed by the district court and he did not appeal the decision, therefore no answer is required. *Norgren v. Minnesota Dep't of Hum. Servs.*, No. CV 22-2009 ADM/JFD, 2023 WL 35904, at *1 (D. Minn. Jan. 4, 2023), aff'd in part, rev'd in part, 96 F.4th 1048 (8th Cir. 2024). To the extent a response is still required, Defendant denies the allegation.

57.     Other similarly-situated employees, who are in not in the same protected class as Plaintiff, were not denied the opportunity for such promotion.

**ANSWER:**     Count I, Plaintiff's race discrimination claim, was dismissed by the district court and he did not appeal the decision, therefore no answer is required. *Norgren v. Minnesota Dep't of Hum. Servs.*, No. CV 22-2009 ADM/JFD, 2023 WL 35904, at *1 (D. Minn. Jan. 4, 2023), aff'd in part, rev'd in part, 96 F.4th 1048 (8th Cir. 2024). To the extent a response is still required, Defendant denies the allegation.

58.     This adverse employment action occurred under circumstances giving rise to an inference of discrimination as Plaintiff was qualified for the position and had been considered to have met the minimum qualifications before speaking out against the CRT Training.

**ANSWER:**     Count I, Plaintiff's race discrimination claim, was dismissed by the district court and he did not appeal the decision, therefore no answer is required. *Norgren v. Minnesota Dep't of Hum. Servs.*, No. CV 22-2009 ADM/JFD, 2023 WL 35904, at *1 (D. Minn. Jan. 4, 2023), aff'd in part, rev'd in part, 96 F.4th 1048 (8th Cir. 2024). To the extent

a response is still required, Defendant denies the allegation.

59.    Plaintiff has suffered damages in the form of humiliation, embarrassment, degradation of character, and the loss of a promotion and higher salary for such violation.

**ANSWER:**   Count I, Plaintiff's race discrimination claim, was dismissed by the district court and he did not appeal the decision, therefore no answer is required. *Norgren v. Minnesota Dep't of Hum. Servs.*, No. CV 22-2009 ADM/JFD, 2023 WL 35904, at *1 (D. Minn. Jan. 4, 2023), aff'd in part, rev'd in part, 96 F.4th 1048 (8th Cir. 2024). To the extent a response is still required, Defendant denies the allegation.

## COUNT II – RELIGIOUS DISCRIMINATION UNDER TITLE VII (AGAINST DEFENDANT DHS)

60.    Plaintiff restates and realleges the foregoing as if fully stated herein.

**ANSWER:**   Defendant restates and realleges its answers to the foregoing paragraphs as if fully stated herein.

61.    As a Christian, Plaintiff is a member of a protected class.

**ANSWER:**   Admit.

62.    Plaintiff was qualified for his role with FMHP as he has worked there for over nine years without any issue.

**ANSWER:**   Admit that Plaintiff was qualified for the role he held while employed at FMHP. Deny the remainder of the allegation.

63.    Plaintiff was also qualified for the Group Supervisor Assistant position.

**ANSWER:**   Deny.

64.     Plaintiff suffered an adverse employment action by DHS when he was denied the opportunity for a promotion to the Group Supervisor Assistant position due to his opposition to the Gender Identity Training, as a Christian.

**ANSWER:**   Deny.

65.     Other similarly-situated employees, who are in not in the same protected class as Plaintiff, were not denied the opportunity for such promotion.

**ANSWER:**   Deny.

66.     This adverse employment action occurred under circumstances giving rise to an inference of discrimination as Plaintiff was qualified for the position and had been considered to have met the minimum qualifications before speaking out against the Gender Identity Training.

**ANSWER:**   Deny.

67.     Plaintiff has suffered damages in the form of humiliation, embarrassment, degradation of character, and the loss of a promotion and higher salary for such violation.

**ANSWER:**   Deny.

## COUNT III – RETALIATION UNDER TITLE VII
## (AGAINST DEFENDANT DHS)

68.     Plaintiff restates and realleges the foregoing as if fully stated herein.

**ANSWER:**   Defendant restates and realleges its answers to the foregoing paragraphs as

if fully stated herein

69.     Plaintiff voiced his dissent to the discriminatory actions and behavior of Defendant. These discriminatory actions included the mandate of additional training, the disparate treatment for those who sought exemptions from such training, and the infiltration of CRT ideology.

**ANSWER:**   Deny.

70.     Plaintiff accordingly brought an EEOC Charge against Defendant for its discriminatory behavior.

**ANSWER:**   Admit that Plaintiff brought an EEOC Charge. Deny that Defendant

engaged in discriminatory behavior.

71.     Defendant retaliated against Plaintiff for opposing such discrimination by refusing to consider Plaintiff for a promotion for the position of Group Supervisor Assistant after Plaintiff brought an EEOC Charge against Defendant.

**ANSWER:**  Deny.

72.     Plaintiff was qualified for this position, as evidenced both by Wondra's encouragement for Plaintiff to apply and the fact that Plaintiff had previously been considered for other positions with the same requirements.

**ANSWER:**  Deny.

73.     Because Plaintiff voiced his dissent against Defendant's discriminatory actions, and Defendant retaliated against Plaintiff for such dissent by refusing to consider Plaintiff for a promotion, Defendant has retaliated against Plaintiff under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3.

**ANSWER:**  Deny.

74.     Plaintiff has suffered damages in the form of humiliation, embarrassment, degradation of character, and the loss of a promotion and higher salary for such violation.

**ANSWER:**  Deny.

### COUNT IV - 42 U.S.C. § 1983 DEPRIVATION OF RIGHTS
### (AGAINST DEFENDANT JODI HARSPTEAD, COMISSIONER OF DHS)
### (First Amendment Retaliation and Compelled Speech)

75.     Plaintiff restates and realleges the foregoing as if fully stated herein.

**ANSWER:**  Count IV, Plaintiff's Section 1983 claim against Commissioner Jodi Harpstead in her individual capacity, was dismissed by the district court and that ruling was affirmed on appeal, therefore an answer is not required. *Norgren v. Minnesota Dep't of Hum. Servs.*, No. CV 22-2009 ADM/JFD, 2023 WL 35904, at *1 (D. Minn. Jan. 4, 2023), aff'd in part, rev'd in part, 96 F.4th 1048 (8th Cir. 2024). To the extent a response is still required, Defendant restates and realleges its answers to the foregoing paragraphs

as if fully stated herein.

76.     Plaintiff engaged in a constitutionally protected activity when he requested an exemption from the mandatory training on the basis of his sincerely held religious beliefs and race.

**ANSWER:**   Count IV, Plaintiff's Section 1983 claim against Commissioner Jodi Harpstead in her individual capacity, was dismissed by the district court and that ruling was affirmed on appeal, therefore an answer is not required. *Norgren v. Minnesota Dep't of Hum. Servs.*, No. CV 22-2009 ADM/JFD, 2023 WL 35904, at *1 (D. Minn. Jan. 4, 2023), aff'd in part, rev'd in part, 96 F.4th 1048 (8th Cir. 2024). To the extent a response is still required, Defendant denies the allegation.

77.     This protected speech in no way impeded Plaintiff's performance of his daily duties as a Forensic Support Specialist, nor did it interfere with the regular operations of FMHP, as Plaintiff never received any formal complaint regarding his performance.

**ANSWER:**   Count IV, Plaintiff's Section 1983 claim against Commissioner Jodi Harpstead in her individual capacity, was dismissed by the district court and that ruling was affirmed on appeal, therefore an answer is not required. *Norgren v. Minnesota Dep't of Hum. Servs.*, No. CV 22-2009 ADM/JFD, 2023 WL 35904, at *1 (D. Minn. Jan. 4, 2023), aff'd in part, rev'd in part, 96 F.4th 1048 (8th Cir. 2024). To the extent a response is still required, Defendant denies the allegation.

78.     Plaintiff finally engaged in a constitutionally protected activity through his advocacy for Title VII compliance and equality under the United States Constitution, which is a matter of public concern.

**ANSWER:**   Count IV, Plaintiff's Section 1983 claim against Commissioner Jodi Harpstead in her individual capacity, was dismissed by the district court and that ruling was affirmed on appeal, therefore an answer is not required. *Norgren v. Minnesota Dep't*

*of Hum. Servs.*, No. CV 22-2009 ADM/JFD, 2023 WL 35904, at *1 (D. Minn. Jan. 4, 2023), aff'd in part, rev'd in part, 96 F.4th 1048 (8th Cir. 2024). To the extent a response is still required, Defendant denies the allegation.

79.     Defendant Harpstead acted under color of the law when she engaged in promotion discrimination against Plaintiff, a Native American and a Christian, for his advocacy for equality, Title VII compliance, and for his sincerely held religious beliefs.

**ANSWER:**   Count IV, Plaintiff's Section 1983 claim against Commissioner Jodi Harpstead in her individual capacity, was dismissed by the district court and that ruling was affirmed on appeal, therefore an answer is not required. *Norgren v. Minnesota Dep't of Hum. Servs.*, No. CV 22-2009 ADM/JFD, 2023 WL 35904, at *1 (D. Minn. Jan. 4, 2023), aff'd in part, rev'd in part, 96 F.4th 1048 (8th Cir. 2024). To the extent a response is still required, Defendant denies the allegation.

80.     Defendant Harpstead accordingly willfully deprived Plaintiff of his right to freedom of speech and his freedom of religion.

**ANSWER:**   Count IV, Plaintiff's Section 1983 claim against Commissioner Jodi Harpstead in her individual capacity, was dismissed by the district court and that ruling was affirmed on appeal, therefore an answer is not required. *Norgren v. Minnesota Dep't of Hum. Servs.*, No. CV 22-2009 ADM/JFD, 2023 WL 35904, at *1 (D. Minn. Jan. 4, 2023), aff'd in part, rev'd in part, 96 F.4th 1048 (8th Cir. 2024). To the extent a response is still required, Defendant denies the allegation.

81.     Plaintiff's protected activity was a substantial and motivating factor in Defendant Harpstead's actions as evidenced by a myriad of occurrences such as:

a.     Luke Pherson's, Defendant Harpstead's agent, threat that Plaintiff's father, or anyone who thought like Plaintiff and his father, could be terminated for their political and sincerely held religious beliefs;

19

b.    Plaintiff was denied exemptions from both the Gender Identity Training and the CRT training;

c.    Plaintiff had been deemed qualified for similar positions with the same minimum requirements before he voiced his dissent to the trainings and advocated for Title VII compliance and equality under the United States Constitution.

**ANSWER:**  Count IV, Plaintiff's Section 1983 claim against Commissioner Jodi Harpstead in her individual capacity, was dismissed by the district court and that ruling was affirmed on appeal, therefore an answer is not required. *Norgren v. Minnesota Dep't of Hum. Servs.*, No. CV 22-2009 ADM/JFD, 2023 WL 35904, at *1 (D. Minn. Jan. 4, 2023), aff'd in part, rev'd in part, 96 F.4th 1048 (8th Cir. 2024). To the extent a response is still required, Defendant denies the allegation.

82.    Plaintiff's promotion discrimination was an official act of DHS policy because both the required training and infiltration of CRT ideology were promulgated by multiple DHS supervisors, under the direction of Defendant Harpstead through several emails, including one where she urged a focus on "the training and brave conversations we need to have to change…minds for life."

**ANSWER:**  Count IV, Plaintiff's Section 1983 claim against Commissioner Jodi Harpstead in her individual capacity, was dismissed by the district court and that ruling was affirmed on appeal, therefore an answer is not required. *Norgren v. Minnesota Dep't of Hum. Servs.*, No. CV 22-2009 ADM/JFD, 2023 WL 35904, at *1 (D. Minn. Jan. 4, 2023), aff'd in part, rev'd in part, 96 F.4th 1048 (8th Cir. 2024). To the extent a response is still required, Defendant denies the allegation.

83.    Thus, Plaintiff's vocal dissent against both trainings contradicted the DHS policy promulgated by Commissioner Harpstead through multiple supervisors, ultimately resulting in his promotion discrimination.

**ANSWER:**  Count IV, Plaintiff's Section 1983 claim against Commissioner Jodi

Harpstead in her individual capacity, was dismissed by the district court and that ruling was affirmed on appeal, therefore an answer is not required. *Norgren v. Minnesota Dep't of Hum. Servs.*, No. CV 22-2009 ADM/JFD, 2023 WL 35904, at *1 (D. Minn. Jan. 4, 2023), aff'd in part, rev'd in part, 96 F.4th 1048 (8th Cir. 2024). To the extent a response is still required, Defendant denies the allegation.

84.     Because Plaintiff engaged in a constitutionally protected activity, and Defendant Harsptead acted under color of law through an act of official DHS policy when she engaged in promotion discrimination against Plaintiff, Defendant Harpstead retaliated against Plaintiff, in violation of the First Amendment and 42 U.S.C. § 1983.

**ANSWER:**     Count IV, Plaintiff's Section 1983 claim against Commissioner Jodi Harpstead in her individual capacity, was dismissed by the district court and that ruling was affirmed on appeal, therefore an answer is not required. *Norgren v. Minnesota Dep't of Hum. Servs.*, No. CV 22-2009 ADM/JFD, 2023 WL 35904, at *1 (D. Minn. Jan. 4, 2023), aff'd in part, rev'd in part, 96 F.4th 1048 (8th Cir. 2024). To the extent a response is still required, Defendant denies the allegation.

85.     Plaintiff has suffered damages in the form of humiliation, embarrassment, degradation of character, and the loss of a promotion and higher salary for such violation.

**ANSWER:**     Count IV, Plaintiff's Section 1983 claim against Commissioner Jodi Harpstead in her individual capacity, was dismissed by the district court and that ruling was affirmed on appeal, therefore an answer is not required. *Norgren v. Minnesota Dep't of Hum. Servs.*, No. CV 22-2009 ADM/JFD, 2023 WL 35904, at *1 (D. Minn. Jan. 4, 2023), aff'd in part, rev'd in part, 96 F.4th 1048 (8th Cir. 2024). To the extent a response is still required, Defendant denies the allegation.

## COUNT V – RACIAL DISCRIMINATION
## UNDER THE MINNESOTA HUMAN RIGHTS ACT
## (AGAINST DEFENDANT DHS)

86.     Plaintiff restates and realleges the foregoing as if fully stated herein.

**ANSWER:**  Count V of Plaintiff's complaint was dismissed by the district court, and Plaintiff did not appeal this claim, therefore an answer is not required. *Norgren v. Minnesota Dep't of Hum. Servs.*, No. CV 22-2009 ADM/JFD, 2023 WL 35904, at *1 (D. Minn. Jan. 4, 2023), aff'd in part, rev'd in part, 96 F.4th 1048 (8th Cir. 2024). To the extent a response is still required to the factual assertions in this section, Defendant restates and realleges its answers to the foregoing paragraphs as if fully stated herein.

87.     As an employee of Native American descent, Plaintiff is a member of a protected class.

**ANSWER:**  Count V of Plaintiff's complaint was dismissed by the district court, and Plaintiff did not appeal this claim, therefore an answer is not required. *Norgren v. Minnesota Dep't of Hum. Servs.*, No. CV 22-2009 ADM/JFD, 2023 WL 35904, at *1 (D. Minn. Jan. 4, 2023), aff'd in part, rev'd in part, 96 F.4th 1048 (8th Cir. 2024). To the extent a response is still required to the factual assertions in this section, Defendant admits the allegation.

88.     Plaintiff was qualified for his role with FMHP as he has worked there for over nine years without any issue.

**ANSWER:**  Count V of Plaintiff's complaint was dismissed by the district court, and Plaintiff did not appeal this claim, therefore an answer is not required. *Norgren v. Minnesota Dep't of Hum. Servs.*, No. CV 22-2009 ADM/JFD, 2023 WL 35904, at *1 (D. Minn. Jan. 4, 2023), aff'd in part, rev'd in part, 96 F.4th 1048 (8th Cir. 2024). To the extent a response is still required to the factual assertions in this section, Defendant denies the allegation.

89.     Plaintiff was also qualified for the Group Supervisor Assistant position.

**ANSWER:**   Count V of Plaintiff's complaint was dismissed by the district court, and Plaintiff did not appeal this claim, therefore an answer is not required. *Norgren v. Minnesota Dep't of Hum. Servs.*, No. CV 22-2009 ADM/JFD, 2023 WL 35904, at *1 (D. Minn. Jan. 4, 2023), aff'd in part, rev'd in part, 96 F.4th 1048 (8th Cir. 2024). To the extent a response is still required to the factual assertions in this section, Defendant denies the allegation.

90.     Plaintiff suffered an adverse employment action by DHS when he was denied the opportunity for a promotion to the Group Supervisor Assistant position due to his opposition to the CRT Training.

**ANSWER:**   Count V of Plaintiff's complaint was dismissed by the district court, and Plaintiff did not appeal this claim, therefore an answer is not required. *Norgren v. Minnesota Dep't of Hum. Servs.*, No. CV 22-2009 ADM/JFD, 2023 WL 35904, at *1 (D. Minn. Jan. 4, 2023), aff'd in part, rev'd in part, 96 F.4th 1048 (8th Cir. 2024). To the extent a response is still required to the factual assertions in this section, Defendant denies the allegation.

91.     Defendant engaged in promotion discrimination against Plaintiff when he refused to subscribe to the ideology expected of him as a person of color and was instead discriminated against due to this "internalized whiteness."

**ANSWER:**   Count V of Plaintiff's complaint was dismissed by the district court, and Plaintiff did not appeal this claim, therefore an answer is not required. *Norgren v. Minnesota Dep't of Hum. Servs.*, No. CV 22-2009 ADM/JFD, 2023 WL 35904, at *1 (D. Minn. Jan. 4, 2023), aff'd in part, rev'd in part, 96 F.4th 1048 (8th Cir. 2024). To the extent a response is still required to the factual assertions in this section, Defendant denies the allegation.

92.     This adverse employment action occurred under circumstances giving rise to an inference of discrimination as Plaintiff was qualified for the position and had been considered to have met the minimum qualifications before speaking out against the CRT

Training.

**ANSWER:**   Count V of Plaintiff's complaint was dismissed by the district court, and Plaintiff did not appeal this claim, therefore an answer is not required. *Norgren v. Minnesota Dep't of Hum. Servs.*, No. CV 22-2009 ADM/JFD, 2023 WL 35904, at *1 (D. Minn. Jan. 4, 2023), aff'd in part, rev'd in part, 96 F.4th 1048 (8th Cir. 2024). To the extent a response is still required to the factual assertions in this section, Defendant denies the allegation.

93.    Plaintiff has suffered damages in the form of humiliation, embarrassment, degradation of character, and the loss of a promotion and higher salary for such violation.

**ANSWER:**   Count V of Plaintiff's complaint was dismissed by the district court, and Plaintiff did not appeal this claim, therefore an answer is not required. *Norgren v. Minnesota Dep't of Hum. Servs.*, No. CV 22-2009 ADM/JFD, 2023 WL 35904, at *1 (D. Minn. Jan. 4, 2023), aff'd in part, rev'd in part, 96 F.4th 1048 (8th Cir. 2024). To the extent a response is still required to the factual assertions in this section, Defendant denies the allegation.

### COUNT VI – RELIGIOUS DISCRIMINATION UNDER THE MINNESOTA HUMAN RIGHTS ACT (AGAINST DEFENDANT DHS)

94.    Plaintiff restates and realleges the foregoing as if fully stated herein.

**ANSWER:**   Count VI of Plaintiff's complaint was dismissed by the district court, and Plaintiff did not appeal this claim, therefore an answer is not required. *Norgren v. Minnesota Dep't of Hum. Servs.*, No. CV 22-2009 ADM/JFD, 2023 WL 35904, at *1 (D. Minn. Jan. 4, 2023), aff'd in part, rev'd in part, 96 F.4th 1048 (8th Cir. 2024). To the extent a response is still required to the factual assertions in this section, Defendant denies the allegation.

95.     As a Christian, Plaintiff is a member of a protected class.

**ANSWER:**   Count VI of Plaintiff's complaint was dismissed by the district court, and Plaintiff did not appeal this claim, therefore an answer is not required. *Norgren v. Minnesota Dep't of Hum. Servs.,* No. CV 22-2009 ADM/JFD, 2023 WL 35904, at *1 (D. Minn. Jan. 4, 2023), aff'd in part, rev'd in part, 96 F.4th 1048 (8th Cir. 2024). To the extent a response is still required to the factual assertions in this section, Defendant admits the allegation.

96.     Plaintiff was qualified for his role with FMHP as he has worked there for over nine years without any issue.

**ANSWER:**   Count VI of Plaintiff's complaint was dismissed by the district court, and Plaintiff did not appeal this claim, therefore an answer is not required. *Norgren v. Minnesota Dep't of Hum. Servs.,* No. CV 22-2009 ADM/JFD, 2023 WL 35904, at *1 (D. Minn. Jan. 4, 2023), aff'd in part, rev'd in part, 96 F.4th 1048 (8th Cir. 2024). To the extent a response is still required to the factual assertions in this section, Defendant denies the allegation.

97.     Plaintiff was also qualified for the Group Supervisor Assistant position.

**ANSWER:**   Count VI of Plaintiff's complaint was dismissed by the district court, and Plaintiff did not appeal this claim, therefore an answer is not required. *Norgren v. Minnesota Dep't of Hum. Servs.,* No. CV 22-2009 ADM/JFD, 2023 WL 35904, at *1 (D. Minn. Jan. 4, 2023), aff'd in part, rev'd in part, 96 F.4th 1048 (8th Cir. 2024). To the extent a response is still required to the factual assertions in this section, Defendant denies the allegation.

98.     Plaintiff suffered an adverse employment action by DHS when he was denied the opportunity for a promotion to the Group Supervisor Assistant position due to his opposition to the Gender Identity Training, as a Christian.

**ANSWER:**   Count VI of Plaintiff's complaint was dismissed by the district court, and

Plaintiff did not appeal this claim, therefore an answer is not required. *Norgren v.*

*Minnesota Dep't of Hum. Servs.,* No. CV 22-2009 ADM/JFD, 2023 WL 35904, at *1 (D.

Minn. Jan. 4, 2023), aff'd in part, rev'd in part, 96 F.4th 1048 (8th Cir. 2024). To the extent

a response is still required to the factual assertions in this section, Defendant denies the

allegation.

99.     Other similarly-situated employees, who are in not in the same protected class as Plaintiff, were not denied the opportunity for such promotion.

**ANSWER:**   Count VI of Plaintiff's complaint was dismissed by the district court, and

Plaintiff did not appeal this claim, therefore an answer is not required. *Norgren v.*

*Minnesota Dep't of Hum. Servs.,* No. CV 22-2009 ADM/JFD, 2023 WL 35904, at *1 (D.

Minn. Jan. 4, 2023), aff'd in part, rev'd in part, 96 F.4th 1048 (8th Cir. 2024). To the extent

a response is still required to the factual assertions in this section, Defendant denies the

allegation.

100.    This adverse employment action occurred under circumstances giving rise to an inference of discrimination as Plaintiff was qualified for the position and had been considered to have met the minimum qualifications before speaking out against the Gender Identity Training.

**ANSWER:**   Count VI of Plaintiff's complaint was dismissed by the district court, and

Plaintiff did not appeal this claim, therefore an answer is not required. *Norgren v.*

*Minnesota Dep't of Hum. Servs.,* No. CV 22-2009 ADM/JFD, 2023 WL 35904, at *1 (D.

Minn. Jan. 4, 2023), aff'd in part, rev'd in part, 96 F.4th 1048 (8th Cir. 2024). To the extent

a response is still required to the factual assertions in this section, Defendant denies the allegation.

101.    Plaintiff has suffered damages in the form of humiliation, embarrassment, degradation of character, and the loss of a promotion and higher salary for such violation.

**ANSWER:**   Count VI of Plaintiff's complaint was dismissed by the district court, and Plaintiff did not appeal this claim, therefore an answer is not required. *Norgren v. Minnesota Dep't of Hum. Servs.,* No. CV 22-2009 ADM/JFD, 2023 WL 35904, at *1 (D. Minn. Jan. 4, 2023), aff'd in part, rev'd in part, 96 F.4th 1048 (8th Cir. 2024). To the extent a response is still required to the factual assertions in this section, Defendant denies the allegation.

### COUNT VII – REPRISAL UNDER THE MINNESOTA HUMAN RIGHTS ACT (AGAINST DEFENDANT DHS)

102.    Plaintiff restates and realleges the foregoing as if fully stated herein.

**ANSWER:**   Count VII of Plaintiff's complaint was dismissed by the district court, and Plaintiff did not appeal this claim, therefore an answer is not required. *Norgren v. Minnesota Dep't of Hum. Servs.,* No. CV 22-2009 ADM/JFD, 2023 WL 35904, at *1 (D. Minn. Jan. 4, 2023), aff'd in part, rev'd in part, 96 F.4th 1048 (8th Cir. 2024). To the extent a response is still required to the factual assertions in this section, Defendant denies the allegation.

103.    Plaintiff voiced his dissent to the discriminatory actions and behavior of Defendant.  These discriminatory actions included the mandate of additional training, the disparate treatment for those who sought exemptions from such training, and the infiltration of CRT ideology.

**ANSWER:**   Count VII of Plaintiff's complaint was dismissed by the district court, and

Plaintiff did not appeal this claim, therefore an answer is not required. *Norgren v. Minnesota Dep't of Hum. Servs.,* No. CV 22-2009 ADM/JFD, 2023 WL 35904, at *1 (D. Minn. Jan. 4, 2023), aff'd in part, rev'd in part, 96 F.4th 1048 (8th Cir. 2024). To the extent a response is still required to the factual assertions in this section, Defendant denies the allegation.

104.   Plaintiff accordingly brought an EEOC Charge against Defendant for its discriminatory behavior.

**<u>ANSWER:</u>**   Count VII of Plaintiff's complaint was dismissed by the district court, and Plaintiff did not appeal this claim, therefore an answer is not required. *Norgren v. Minnesota Dep't of Hum. Servs.,* No. CV 22-2009 ADM/JFD, 2023 WL 35904, at *1 (D. Minn. Jan. 4, 2023), aff'd in part, rev'd in part, 96 F.4th 1048 (8th Cir. 2024). To the extent a response is still required to the factual assertions in this section, Defendant admits that Plaintiff brought an EEOC Charge against Defendant, but denies the remainder of the allegation.

105.   Defendant, as the perpetrator of discrimination, intentionally engaged in reprisal against Plaintiff by refusing to consider Plaintiff for a promotion for the position of Group Supervisor Assistant after Plaintiff brought an EEOC Charge against Defendant.

**<u>ANSWER:</u>**   Count VII of Plaintiff's complaint was dismissed by the district court, and Plaintiff did not appeal this claim, therefore an answer is not required. *Norgren v. Minnesota Dep't of Hum. Servs.,* No. CV 22-2009 ADM/JFD, 2023 WL 35904, at *1 (D. Minn. Jan. 4, 2023), aff'd in part, rev'd in part, 96 F.4th 1048 (8th Cir. 2024). To the extent a response is still required to the factual assertions in this section, Defendant denies the allegation.

106.   Plaintiff was qualified for this position, as evidenced both by Wondra's encouragement for Plaintiff to apply and the fact that Plaintiff had previously been considered for other positions with similar requirements.

**ANSWER:**   Count VII of Plaintiff's complaint was dismissed by the district court, and Plaintiff did not appeal this claim, therefore an answer is not required. *Norgren v. Minnesota Dep't of Hum. Servs.,* No. CV 22-2009 ADM/JFD, 2023 WL 35904, at *1 (D. Minn. Jan. 4, 2023), aff'd in part, rev'd in part, 96 F.4th 1048 (8th Cir. 2024). To the extent a response is still required to the factual assertions in this section, Defendant denies the allegation.

107.   Because Plaintiff voiced his dissent against Defendant's discriminatory actions, and Defendant retaliated against Plaintiff for such dissent by refusing to consider Plaintiff for a promotion, Defendant has engaged in reprisal under the Minnesota Human Rights Act.

**ANSWER:**   Count VII of Plaintiff's complaint was dismissed by the district court, and Plaintiff did not appeal this claim, therefore an answer is not required. *Norgren v. Minnesota Dep't of Hum. Servs.,* No. CV 22-2009 ADM/JFD, 2023 WL 35904, at *1 (D. Minn. Jan. 4, 2023), aff'd in part, rev'd in part, 96 F.4th 1048 (8th Cir. 2024). To the extent a response is still required to the factual assertions in this section, Defendant denies the allegation.

108.   Plaintiff has suffered damages in the form of humiliation, embarrassment, degradation of character, and the loss of a promotion and higher salary for such violation.

**ANSWER:**   Count VII of Plaintiff's complaint was dismissed by the district court, and Plaintiff did not appeal this claim, therefore an answer is not required. *Norgren v. Minnesota Dep't of Hum. Servs.,* No. CV 22-2009 ADM/JFD, 2023 WL 35904, at *1 (D. Minn. Jan. 4, 2023), aff'd in part, rev'd in part, 96 F.4th 1048 (8th Cir. 2024). To the extent

a response is still required to the factual assertions in this section, Defendant denies the allegation.

## **AFFIRMATIVE AND OTHER DEFENSES**

1.      The Complaint fails, in whole or in part, to state a claim against Defendant upon which relief can be granted.

2.      Defendant's conduct, as alleged in the Amended Complaint, was not discriminatory, retaliatory, or otherwise unlawful.

3.      Defendant had legitimate non-retaliatory and non-discriminatory reasons for the decisions complained of in the Complaint.

4.      Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant.

5.      Defendant took prompt, appropriate, and reasonable action under the circumstances.

6.      Plaintiff's damages, if any, were caused by his own conduct and contributory negligence, or by others over whom Defendant had no control, and any actions or inactions of or attributable to Defendant were not the direct or proximate cause of any damage to Plaintiff.

7.      Plaintiff has failed in whole or in part to mitigate his damages.

8.      Plaintiff's claims are barred to the extent he failed to exhaust his administrative remedies.

9.      Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

10.     Plaintiff's Complaint, claims, and causes of action may be barred, in whole or in part, by the doctrines of laches, consent, unclean hands, res judicata, waiver and/or estoppel.

11.     To the extent that Plaintiff prays for punitive damages, such claims are barred under Minn. Stat. § 3.736.

12.     Plaintiff's claims are barred to the extent they were dismissed by the district court and affirmed on appeal. *Norgren v. Minnesota Dep't of Hum. Servs.*, No. CV 22-2009 ADM/JFD, 2023 WL 35904, at *1 (D. Minn. Jan. 4, 2023), aff'd in part, rev'd in part, 96 F.4th 1048 (8th Cir. 2024).

13.     Defendant reserves the right to assert any other affirmative defenses or objections as may arise or become available under the Rules of Civil Procedure.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests that this Court: (1) dismiss Plaintiff's Complaint with prejudice and on the merits; (2) enter judgment in favor of Defendant with respect to all of the claims and causes of action set forth in the Complaint; (3) award Defendant costs, reasonable attorney fees and disbursements; and (4) any other relief that the Court deems just and proper under these circumstances.

***Signature is on the next page.***

Dated:  July 18, 2024

Respectfully submitted,

KEITH ELLISON
Attorney General
State of Minnesota


/s/  Nick Pladson
NICK PLADSON
Assistant Attorney General
Atty. Reg. No. 0388148

445 Minnesota Street, Suite 1400
St. Paul, Minnesota 55101-2131
(651) 300-7083 (Voice)
(651) 296-7438 (Fax)
Nick.Pladson@ag.state.mn.us

ATTORNEY FOR DEFENDANT